UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M.L, *a minor, by and through his guardian ad litem, Jasmine Martinez-Sahagun*,<br><br>Plaintiff,<br><br>v.<br><br>KAWEAH DELTA HEALTHCARE DISTRICT, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00871-KES-EPG<br><br>ORDER DIRECTING PLAINTIFFS' COUNSEL TO SUBMIT A FILING REGARDING THE APPOINTMENT OF A GUARDIAN AD LITEM AND REDACTION<br><br>(ECF No. 1) |

In this removed case, the amended complaint generally alleges claims concerning medical negligence. (ECF No. 1, pp. 4-16). The Plaintiffs are L.M.L., a minor, Jasmine Martinez-Sahagun (L.M.L.'s mother and purported guardian ad litem), and Edward Salinas-Luna (L.M.L.'s father). Regarding the appointment of Jasmine Martinez-Sahagun as L.M.L.'s guardian ad litem, the amended complaint states as follows: "On or about the filing of this Complaint, Plaintiff JASMINE MARTINEZSAHAGUN, mother of the minor Plaintiff, was by order duly made and entered by the [state court], appointed Guardian Ad Litem of Plaintiff [L.M.L.], a minor, born March 21, 2024." (*Id.* at 9). The Court notes that the amended complaint uses L.M.L.'s full name.

Given these circumstances, the Court will direct Plaintiffs' counsel to submit a filing regarding the appointment of a guardian ad litem and redaction.

The Court notes that its Local Rules provide as follows in cases where a minor is a plaintiff:

1

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian <u>ad</u> <u>litem</u> by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. <u>See</u> Fed. R. Civ. P. 17(c).
>
> . . . .
>
> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(a), (c).

While the amended complaint indicates that Plaintiff Jasmine Martinez-Sahagun was appointed as L.M.L.'s guardian ad litem in state court, no evidence confirming this is included in the notice of removal, *see* Local Rule 202(a), nor is there a disclosure of attorney's interest, *see* Local Rule 202(c).

Further, Federal Rule of Civil Procedure 5.2(a)(3) requires, "[u]nless the court orders otherwise," that only a minor's initials be used in court filings. However, Rule 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Because the amended complaint includes L.M.L.'s full name, the Court will direct counsel to address whether the redaction protection of Rule 5.2(a) is being waived.

Accordingly, IT IS ORDERED as follows:

1. Plaintiffs' counsel shall submit a filing regarding the appointment of a guardian ad litem as required by the Court's Local Rules by no later than July 31, 2025.

\\\
\\\
\\\
\\\
\\\

2

2. This filing shall also include a statement whether the redaction protection of Rule 5.2(a), as to L.M.L.'s full name, is being waived.

IT IS SO ORDERED.

Dated: **July 17, 2025**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3