1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                              EASTERN DISTRICT OF CALIFORNIA

8

9    L.M.L, *a minor, by and through his*          Case No.   1:25-cv-00871-KES-EPG
     *guardian ad litem, Jasmine Martinez-*
10   *Sahagun*,

11                 Plaintiff,                        ORDER (1) ADDRESSING RESPONSE TO
                                                     COURT ORDER (2) DIRECTING CLERK OF
12        v.                                         COURT TO SEAL CERTAIN DOCUMENTS;
                                                     AND (3) DIRECTING PARTIES TO FILE
13   KAWEAH DELTA HEALTHCARE                         REDACTED COPIES OF DOCUMENTS
     DISTRICT, *et al.*,
14                                                   (ECF No. 7)
                   Defendants.
15

16

17
            In this removed case, the amended complaint generally alleges claims concerning medical
18
     negligence. (ECF No. 1, pp. 4-16). The Plaintiffs are L.M.L. (a minor), Jasmine Martinez-
19
     Sahagun (L.M.L.'s mother and guardian ad litem), and Edward Salinas-Luna (L.M.L.'s father).
20
            Because, at the time this case was removed, (1) there was no evidence submitted
21
     regarding the appointment of a guardian ad litem for L.M.L. under Local Rule 202(a); (2) there
22
     was no disclosure of attorney interest under Local Rule 202(c); and (3) it was unclear whether
23
     Plaintiffs' counsel intended to waive the redaction protections of Federal Rule of Civil Procedure
24
     5.2(a)(3) (*i.e.*, L.M.L.'s full name was used in filings), the Court directed counsel to file a
25
     response addressing these issues. (ECF No. 4).
26
            Plaintiffs' counsel has timely responded. (ECF No. 7). First, counsel has provided a state
27
     court order appointing Jasmine Martinez-Sahagun as the guardian ad litem for L.M.L.
28
            Because this appointment was made pursuant to state law, the parties are advised that,

                                                  1

under Local Rule 202(b)(1), any future settlement must first be approved by the state court having jurisdiction over the L.M.L.'s guardian ad litem before the parties may seek approval in this court. [1]

Second, counsel provides a disclosure of attorney's interest, stating as follows:

Plaintiff's counsel entered into a contingency fee agreement with Plaintiffs L.M.L.'s parents Jasmine Martinez-Sahagun and Edward Salinas-Luna on behalf of minor L.M.L.

Plaintiffs' counsel did not become involved in this case at the instance of the party against whom the causes of action are asserted. Plaintiffs' counsel has no connection with the Defendants.

Plaintiffs' counsel has no relationship with Defendants.

Plaintiffs' counsel has not received any compensation and will not receive any compensation unless there is a recovery in the case. Such compensation is contingent on the recovery and court rules.

(ECF No. 7, pp. 2-3) (Minor alterations).

The Court concludes that this information suffices for current purposes, but counsel may be required to provide additional information regarding the amount of compensation at a later stage of this case, including in any motion for approval of minor's compromise.

Third, the response states that "Plaintiffs' counsel does not intend to waive the protection of Rule 5.2(a)(3) as to minor [L.M.L.] Therefore, Plaintiff's counsel requests for a redaction of the minor's name to only include the minor's initials of [L.M.L.] on all filings." (*Id.* at 3).

Because the parties have already filed documents including L.M.L.'s full name, including counsel's instant response, the Court will require the Clerk of Court to seal such filings and direct the parties to file properly redacted documents. The Court will likewise redact the Court's docket and court orders containing L.M.L.'s name.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall seal the following documents: ECF Nos. 1, 2, 5, 6, and 7.

---

[1] E.D.C.A. Local Rule 202(b)(1) ("(1) Initial State Court Approval. In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.").

a. The party who filed the above documents shall, by no later than August 8, 2025, file a version on the docket redacting L.M.L.'s full name and other information in compliance with Local Rule 5.2(a).[2] For example, because Defendants filed the notice of removal, they are responsible for filing a redacted copy of it.

2. The Clerk of Court shall change all references on the docket to the minor's full name to "L.M.L.," *i.e.*, both the caption and docket entries at ECF Nos. 6, 7.

3. All future filings shall use only the minor's initials and shall otherwise follow the redaction requirements of Rule 5.2(a).[3]

IT IS SO ORDERED.

Dated:   **August 1, 2025**                    /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] This redaction requirement in Local Rule Rule 5.2(a) requires redactions in addition to the minor's full name. For example, counsel's instant response contains the full birth date for the minor. (ECF No. 7, p. 7). Under Rule 5.2(a)(2), only the year of an individual's birth may be included in a filing.

[3] The Court will file a redacted version of ECF No. 2 in due course.

3